UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:11-CV-80762-KLR

CUMIS INSURANCE SOCIETY, INC.,
an Iowa corporation,

       *Plaintiff,*

vs.

CLAUDIA SCHORRIG and JOLENE SULLIVAN,
on their own behalves and as the asserted
representatives of a putative, not-yet-certified
class; IBM SOUTHEAST EMPLOYEES' FEDERAL
CREDIT UNION, a federally chartered corporation;
SOUTHEAST SERVICES ORGANIZATION, INC.,
a Florida corporation; and BARRY HUGHES,

       *Defendants.*
_____/

## CLAUDIA SCHORRIG AND JOLENE SULLIVAN'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

Defendants, Claudia Schorrig and Jolene Sullivan (collectively "Schorrig"), move this Court to dismiss the Complaint for Declaratory Judgment [D.E.1] filed July 1, 2011, by CUMIS Insurance Society, Inc. CUMIS filed this action even though an earlier-filed action will provide an adequate remedy. To discourage use of the Declaratory Judgment Act as a means of "procedural fencing," federal courts may dismiss a declaratory action when a pending suit will satisfactorily resolve a dispute. This action is unnecessary, redundant and contrary to the purposes of the Declaratory Judgment Act, and therefore should be dismissed with prejudice.

## I.     INTRODUCTION

This action arises out of an underlying class action claim for breach of fiduciary duties (the "Class Action") brought by Schorrig against IBM Southeast Employees' Federal Credit

Union, Southeast Services Organization, Inc., and Barry Hughes (collectively, the "Credit Union"). The Credit Union tendered the Class Action, filed June 30, 2009, to its insurer, CUMIS, which agreed to provide a limited defense under a reservation of rights.  The Credit Union rejected CUMIS's offer of a conditional defense, and sued CUMIS in the 15th Judicial Circuit in and for Palm Beach County, Florida on June 15, 2011 (the "State Court Action"), alleging breach of contract and seeking a declaration of its rights under the insurance policies issued to the Credit Union by CUMIS.  The Credit Union named Schorrig as a defendant in the State Court Action.

Sixteen days later, on July 1, 2011, CUMIS filed this action, which also seeks a declaration of the parties' rights under the CUMIS policies. This action involves the same parties and issues as the State Court Action.  CUMIS later sought removal of the State Court Action (*see* S.D. Fla. Case No. 9:11-cv-80795-KAM).   That removal is being challenged by the Credit Union.  *See* Motion to Remand for Lack of Subject Matter Jurisdiction (S.D. Fla. Case No. 9:11-cv-80795-KAM, D.E. 6).

Consequently, there are now three separate actions pending involving the same issues and parties: the Class Action, the removed State Court Action and this action.  Because this action addresses the same issues, involves the same parties and offers the same remedies as the removed State Court Action, this action should be dismissed.

## II.    DISMISSAL IS PROPER BECAUSE A SATISFACTORY LEGAL REMEDY ALREADY EXISTS, RENDERING THIS ACTION REDUNDANT

The Declaratory Judgment Act gives federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants; it does not give litigants a right to such a declaration.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88 (1995).  *Accord Angora Enters., Inc. v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986); *Cas. Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989).  A district court may

CASE NO. 07CA-13036

dismiss a declaratory action when a proceeding is pending in another court, state or federal, that will resolve the controversies between the parties. *Ven-Fuel, Inc. v. Dep't of Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). *See* 10B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2758 (3d ed. 2011); *Angora,* 796 F.2d at 387.

This is particularly true if the two actions raise the same issues of law. *Angora,* 796 F.2d at 388. It is "uneconomical as well as vexatious" for a federal court to proceed in a declaratory judgment suit where another suit is pending that presents the same issues between the same parties. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Consequently, a declaratory action may be dismissed or stayed if a suit filed in a different court will satisfactorily resolve the controversy between the parties.[1]   10B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2758 (3d ed. 2011).

The Middle District confronted an analogous situation in *Knights Armament Co. v. Optical Systems Technology, Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008). The complaint alleged trademark infringement, among other counts. Optical Systems counterclaimed, seeking a declaration that it was the rightful owner of the trademark. *Id*. at 1374. The court dismissed Optical System's counterclaim, without leave to amend, concluding that "because the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for declaratory judgment." *Id*. at 1375. *See also Sembler Family P'ship v. Brinker Fla., Inc.*, No. 8:08-cv-1212-T-24 MAP, 2008 WL 5341175, at *2 (M.D. Fla. 2008) (dismissing a

---

[1] The Credit Union explained why dismissal of CUMIS's Complaint is appropriate under the "first-filed" rule. *See* Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or to Dismiss Under the "First-Filed" Rule [D.E. 14] at p. 11, citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). For the sake of judicial economy, Schorrig adopts, but does not repeat, the Credit Union's "first-filed" argument. Because the State Court Action and this action involve the same issues and parties, the first-filed State Court Action should proceed.

counterclaim for declaratory relief because it "mirrored" the plaintiff's claim and thus was "redundant and unnecessary").

In this case, as in *Knights*, there is a pending claim involving the same parties and the same issues that will satisfactorily resolve CUMIS's request for relief.  Both claims require a determination of whether Schorrig's claim against the Credit Union is covered under the CUMIS policy.  CUMIS's action does not raise any new or different issues, but simply presents the insurer's argument to defeat coverage.  Accordingly, CUMIS's claim is redundant and unnecessary, and this Court should dismiss CUMIS's action.

## III.    DISMISSAL IS PROPER BECAUSE CUMIS'S ACTION RUNS CONTRARY TO THE PURPOSE OF THE DECLARATORY JUDGMENT ACT

In exercising its discretion, a court must balance a plaintiff's needs and the consequences of declaratory relief while keeping in mind the purpose of the declaratory judgment remedy. *High Croft,* 714 F. Supp. 1190 at 1193 (citing *State Farm Fire & Cas. Co. v. Taylor*, 118 F.R.D. 426, 429 (M.D.N.C. 1988)).   The purpose of the Declaratory Judgment Act is to relieve uncertainty and insecurity with respect to rights, status, and other legal relations.  *Firemen's Ins. Co. of Newark, N.J. v. Riley*, 322 F. Supp. 349, 352 (W.D. Ky. 1971) (citing *Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)).  That purpose is served by the State Court Action, which renders this action unnecessary.

The remedy afforded by the Declaratory Judgment Act should not be used to steer the trial of an issue into another court of coordinate jurisdiction or for other "procedural fencing." *High Croft*, 714 F. Supp. at 1193 (a declaratory action filed for purposes of "procedural fencing" should be dismissed) (citing *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961)). *See also Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990); *Riley*, 322 F. Supp. at 351.  Nor

CASE NO. 07CA-13036

should a declaratory judgment action be used as a ploy for a defendant to turn itself into a plaintiff. *High Croft,* 714 F. Supp. at 1193.  Federal courts are to actively discourage declaratory complaints that are filed in anticipation of a suit or used to forum-shop. *Gen. Star Indem. Co. v. Puckit, L.C.*, 818 F. Supp. 1526, 1532 (M.D. Fla. 1993) (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)). Accordingly, this action should be dismissed because it serves no legitimate purpose but merely allows CUMIS, the defendant in the State Court Action, to become a plaintiff.

IV.   **CONCLUSION**

WHEREFORE, Defendants, Claudia Schorrig and Jolene Sullivan, individually and on behalf of those similarly situated, respectfully request that this Court dismiss CUMIS Insurance Society, Inc.'s Complaint for Declaratory Judgment with prejudice and in its entirety, and for any other relief that this Court deems equitable or just.

CASE NO. 07CA-13036

Respectfully submitted,

David A. Rothstein, Esq.
Fla. Bar No. 056881
drothstein@dkrpa.com
DIMOND, KAPLAN & ROTHSTEIN, P.A.
2665 South Bayshore Drive, PH-2B
Miami, FL 33133
(305) 374-1920
(305) 374-1961 *facsimile*
*Counsel for Schorrig & Sullivan*

James D. Sallah, Esq.
Fla. Bar. No. 92584
jds@sallahcox.com
SALLAH & COX, LLC
2101 NW Corporate Blvd., Suite 218
Boca Raton, FL 33431
(561) 989-9080
(561) 989-9020 *facsimile*
*Counsel for Schorrig & Sullivan*

Scott L. Silver, Esq.
Fla. Bar No. 95631
silver@stockattorneys.com
BLUM & SILVER, LLP
11780 W. Sample Road, Suite 103
Coral Springs, FL 33065
(954) 255-8181
(954) 255-8175 *facsimile*
*Counsel for Schorrig & Sullivan*

VER PLOEG & LUMPKIN, P.A.
100 S.E. Second Street
30th Floor
Miami, FL  33131
(305) 577-3996
(305) 577 3558 *facsimile*

s/Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 0079170
smarino@vpl-law.com
**Michael F. Huber**
Fla. Bar No. 765171
mhuber@vpl-law.com
**Rochelle N. Willis**
Florida Bar No. 0074200
rwillis@vpl-law.com
*Counsel for Schorrig & Sullivan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

September 2, 2011 on all counsel or parties of record on the Service List below.

s/Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

CASE NO. 07CA-13036

**SERVICE LIST**

Shelley H. Leinicke, Esq.
Wicker Smith O'Hara McCoy & Ford
515 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954-847-4874
954-760-9353 *facsimile*
shleinicke@wickersmith.com
*Counsel for CUMIS*

David A. Rothstein, Esq.
Dimond, Kaplan & Rothstein, P.A.
2665 South Bayshore Drive, PH-2B
Miami, FL 33133
(305) 374-1920
(305) 374-1961 *facsimile*
drothstein@dkrpa.com
*Counsel for Schorrig & Sullivan*

James D. Sallah, Esq.
Sallah & Cox, LLC
2101 NW Corporate Blvd., Suite 218
Boca Raton, FL 33431
(561) 989-9080
(561) 989-9020 *facsimile*
jds@sallahcox.com
*Counsel for Schorrig & Sullivan*

James M. Kaplan, Esq.
Clifford L. Rostin, Esq.
Kaplan Zeena
2 South Biscayne Blvd., Suite 3050
Miami, FL 33131
305-530-0800
305-530-0801 *facsimile*
James.kaplan@kaplanzeena.com
Clifford.rostin@kaplanzeena.com
*Counsel for IBM, Southeast Services & Hughes*

Scott L. Silver, Esq.
Blum & Silver, LLP
11780 W. Sample Road, Suite 103
Coral Springs, FL 33065
(954) 255-8181
(954) 255-8175 *facsimile*
silver@stockattorneys.com
*Counsel for Schorrig & Sullivan*

Stephen A. Marino, Jr., Esq.
Michael F. Huber, Esq.
Rochelle N. Willis, Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL  33131
(305) 577-3996
(305) 577 3558 *facsimile*
smarino@vpl-law.com
*Counsel for Schorrig & Sullivan*